Rafael Contreras **FRANCO**; et al., Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–75677.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Rafael Contreras Franco, El Monte, CA, pro se.

Maria S. Contreras, El Monte, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Rafael Contreras Franco and Maria S. Contreras, natives and citizens of Mexico,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

petition pro se for review of the Board of Immigration Appeals' dismissal of their appeal of an immigration judge's denial of their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to demonstrate exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). Moreover, petitioners' contention that the agency failed to consider all the evidence presented is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Although we have jurisdiction to consider constitutional challenges, petitioners' equal protection challenge to the availability of "special rule cancellation" under the Nicaraguan and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States'").

We also reject as unpersuasive petitioners' contention that the Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRIRA") repeal of suspension of deportation relief violates equal protection or due process. *Cf. Hernandez–Mezquita*

*v. Ashcroft,* 293 F.3d 1161, 1164–65 (9th Cir.2002); *see Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) ("Line-drawing decisions made by Congress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose.").

We do not consider petitioners' contentions regarding good moral character because the agency's hardship determination is dispositive.

Petitioners' remaining contentions are without merit.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**